IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel Lamont Barnette, | C/A No.: 0:19-1416-CMC-SVH |
| Plaintiff, | |
| vs. | ORDER AND NOTICE |
| Barry Faile, Jason Broughton, and William J. Nowicki, Esq., | |
| Defendants. | |

Samuel Lamont Barnette ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983, alleging violations of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.  Factual and Procedural Background

Plaintiff is a state inmate at Lieber Correctional Institution. [*See* ECF No. 1 at 2]. However, at the time relevant to his complaint, Plaintiff was a pretrial detainee at Lancaster County Detention Center. *Id.* at 5. Plaintiff brings this § 1983 action against: Barry Faile ("Faile"), the Lancaster County Sheriff; Jason Broughton ("Broughton"), a Lancaster County Detention Center

shift supervisor; and William J. Nowicki, Esq. ("Nowicki"), Plaintiff's attorney. *Id.*

Plaintiff alleges he broke into Broughton's house on April 26, 2018, and, on May 2, 2018, was placed in the Lancaster County Detention Center, where Broughton is a shift supervisor. *Id.* at 5–6. Plaintiff states he and Broughton were ordered to stay separated, but Broughton entered his housing pod several times in October and November 2018 to do wall pipe counts and escort the nurse. *Id.* at 8. Plaintiff alleges on these occasions Broughton stared at him, squinted his eyes, and "made mad faces" at him. *Id.* at 9. Plaintiff also alleges Broughton informed other inmates that Plaintiff had broken into his house. *Id.* Plaintiff asserts Broughton's actions violated his Eighth Amendment right to be free from cruel and unusual punishment. *Id.* at 5.

Plaintiff alleges Faile failed to protect him by denying his requests to be transferred to a different facility. *Id.* at 5, 9, 11.

Plaintiff alleges ineffective assistance of counsel in violation of the Sixth Amendment because Nowicki did not act after Plaintiff told him he feared Broughton and needed a mental evaluation. *Id.* at 6.

Plaintiff asserts these alleged constitutional violations resulted in great mental distress and his requests for mental health care were ignored by "the county officers," his attorney, and the detention center. *Id.* at 8, 10. Plaintiff seeks monetary damages for his mental and emotional distress. *Id.* at 10.

II. Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the

3

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).

4

1. Claims Against Nowicki

Plaintiff's Sixth Amendment claims against Nowicki are not actionable because "a lawyer representing a client is not . . . a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981).

2. Mere Threats Not Actionable

Plaintiff also fails to state a cognizable claim against Broughton because Broughton's alleged acts of staring, squinting, "making mad faces," and informing other inmates of Plaintiff's crime do not rise to the level of constitutional violations. *See Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) ("Mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983."); *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985) (finding there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish and, hence, no liability under § 1983 regarding such claims).

3. Failure to Protect

Plaintiff's failure-to-protect claim against Sheriff Faile is also subject to summary dismissal. To establish a claim for failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury," and (2) that prison officials exhibited deliberate indifference to inmate health and safety. *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation

marks omitted). To be deliberately indifferent, a prison official must "know of and disregard an objectively serious . . . risk of harm." *Id.* "[T]he official must be both aware of facts from which the inference could be drawn that a possibility of harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Moreover, "[t]he mere fear of an attack happening is insufficient to establish a failure to protect claim." *See Wright v. Harley*, C/A No. 9:11-2839-RBH-BM, 2012 WL 1865685, *7 (D.S.C. April 24, 2012).

Plaintiff has failed to allege Sheriff Faile acted with deliberate indifference or that he was actually attacked.

    4.    Retaliation

To the extent Plaintiff alleges retaliation, his claim is subject to summary dismissal. "Retaliation by a public official for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper." *American Civil Liberties Union, Inc. v. Wicomico Cnty.*, 999 F.2d 780, 785 (4th Cir. 1993). However, the Fourth Circuit has also mandated that claims of retaliation be regarded with skepticism, *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996), and has stated:

> [W]e believe that *in forma pauperis* plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked allegations of reprisal to survive § 1915(d). To hold otherwise would be to bring virtually every

6

unpopular decision by state actors within the scope of a cause of action for retaliation.

*Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994).

Thus, to state a claim of retaliation under § 1983, "a plaintiff 'must allege that (1) []he engaged in protected First Amendment activity, (2) the defendant[] took some action that adversely affected [his] First Amendment rights, and (3) there was a causal relationship between [his] protected activity and the defendant['s] conduct.'" *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017) (quoting *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005)). An inmate must present more than conclusory accusations of retaliation, *Adams*, 40 F.3d at 74, and must provide facts that show the exercise of his constitutional right was a substantial factor motivating the retaliation, *see, e.g.*, *Cochran*, 73 F.3d at 1318; *Hughes v. Bledsoe*, 48 F.3d 1376, 1387 n.11 (4th Cir. 1995).

Any claim of alleged retaliation fails because Plaintiff has failed to allege the retaliation resulted from his engagement in a protected First Amendment activity.

5. Denial of Mental Health Care

Plaintiff's complaints regarding a lack of response to his requests for mental health care could be construed as claims of deliberate indifference to a serious medical need. However, this claim is also subject to summary dismissal

7

because Plaintiff fails to allege an affirmative link between an alleged constitutional violation and a particular public official. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (finding a § 1983 plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct).

Accordingly, Plaintiff's complaint is subject to summary dismissal for failure to plead sufficient facts to state viable constitutional claims.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by June 6, 2019, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the

district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

*Shiva V. Hodges*

May 16, 2019
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge